| **Matter of Marino** |
|:---:|
| 2025 NY Slip Op 30619(U) |
| February 19, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2007-0234/B |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------x

Accounting By Janet Marino Gerlach,
Executor of the Will of

                                         AMENDED
                                         DECISION and ORDER

                EDWARD J. MARINO,
                           Deceased,          File No. 2007-0234/B

For the Period of December 22, 2006 to
December 31, 2012.

----------------------------------------------------------------------x

Accounting By Janet Marino Gerlach,
Executor of the Will of


                EDWARD J. MARINO,          File No. 2007-0234/H
                           Deceased,


For the Period of January 1, 2013 to March 31, 2019.

----------------------------------------------------------------------x

M E L L A, S. :

      The following papers were considered by the court in determining the motions described below.

| Papers Considered: | Numbered |
|---|---|
| Objectants' Motion by Order to Show Cause Seeking Preliminary Injunction; Affidavit of Christopher Marino in Support, with exhibits; Affirmation of Martin H. Butcher, Esq., in Support | 1-3 |
| Affirmation of Gary B. Freidman, Esq., in Opposition, with exhibits | 4 |
| Reply Affirmation of Andrew Ross, Esq., with exhibits; Reply Affidavit of Christopher Marino; Affidavit of Daniel Sciannameo, with exhibits | 5-7 |
| Notice of Motion of Objectants for Partial Summary Judgment; Affidavit of Michael Marino in Support, with exhibits; Affidavit of Christopher Marino in Support; Objectants Memorandum of Law in Support, with exhibit | 8-11 |

Affirmation of Gary B. Freidman, Esq., in Opposition to Objectants' Motion for Partial Summary Judgment, with exhibits; Affirmation of Lee A. Snow, Esq., in Opposition, with exhibits; Affidavit of Janet Marino Gerlach in

[* 1]

Opposition, with exhibits; Affidavit of Jonathan Miller in Opposition; and
Petitioner-Executor's Memorandum of Law in Opposition                    12-16

Reply Affirmation of Andrew Ross, Esq., with exhibit; and Objectants' Reply
Memorandum of Law                                                         17, 18

The Decision and Order issued by this court on February 18, 2025 is hereby vacated and this one is issued in its place.

Pending in these contested proceedings in the estate Edward Marino for the settlement of the accountings by executor Janet Marino Gerlach (Executor or Janet), for the periods of December 22, 2006 to December 31, 2012 (File No.: 2007-0234/B), and January 1, 2013 to March 31, 2019 (File No.: 2007-0234/H), are two motions made by Christopher Marino and Michael Marino (Objectants). The first motion, brought by Order to Show Cause, seeks a preliminary injunction prohibiting the Executor from making any further estate distributions to herself as beneficiary or, alternatively, from making any further distributions from the estate pending further order of the court. The second motion seeks partial summary judgment sustaining certain objections to both of the Executor's accounts.

After hearing oral argument at the call of the calendar on June 25, 2024, the court granted the motion for a preliminary injunction on consent of the parties and denied the motion for partial summary judgment for the reasons stated below.

Background

Edward J. Marino (Decedent) died on December 22, 2006, survived by the Executor and Objectants (his three children). As pertinent here, under his will, which was admitted to probate in this court, Decedent bequeathed in Article V(A) all of his voting shares in three closely held corporations, Chestnut Management Inc., MJC Management Inc., and Marin Equities, Inc. (Corporations) to the Executor and all of his non-voting shares in the Corporations, equally, to

2

[* 2]

Objectants. Under Article VII of his will, Decedent provided that his residuary estate be divided equally among this three children. Letters Testamentary issued to Janet as the nominated executor on January 30, 2007.

The record reflects that prior to Decedent's death, Janet had provided real estate brokerage services to the Corporations and was involved in their management. After Decedent's death, Janet, as Executor, assumed full management duties of the 13 residential and commercial properties owned by the Corporations, overseeing their maintenance repairs, renovations and rentals, assuring payment of mortgages, and reducing real estate taxes. She also filed the estate's federal and New York State tax returns in September 2007. Thereafter, the taxing authorities determined that the estate owed more than $8 million in combined federal and state taxes. The Executor paid only a portion of the taxes due, electing pursuant to section 6166 of the Internal Revenue Code (IRC) and its New York State equivalent to defer payment of more than $3 million plus interest, over a period of more than a decade.

In April of 2013, Petitioner filed the first of her two accounts, which covered the period from December 22, 2006 to December 31, 2012, along with a petition for its judicial settlement. In June of 2019, Petitioner filed her second account, along with a petition for its judicial settlement, covering the period from January 1, 2013 to March 31, 2019. Objectants challenged the Executor's accountings by filing verified objections in each accounting proceeding (collectively, Objections).

As pertinent to the motion for summary judgment, the Objections include allegations that Petitioner engaged in the following conduct:

1) Mishandling the estate with gross negligence and imprudently, well below the standard of care with which she is charged as executor by a) failing to sell the real property owned by the Corporations before the fifth anniversary of decedent's death, and b) failing to solicit "more and deeper" advice before

3

[* 3]

electing to defer tax payments under Section 6166 of the IRC when she knew that such election would expose the estate to significant debt

2) Grossly overpaying herself to manage the closely held corporations and the properties that the corporations owned

3) Unlawfully paying herself real estate broker's commissions

4) Failing to collect part of the estate tax owed from certain legatees who received pecuniary gifts under the will

5) Failing to claim the "Tax-Affected" (Built-In Gains) deduction on the Estate's Federal and State tax returns to the detriment of the Estate.

As a result of such conduct, Objectants claim that the Executor should be denied commissions and that she should be required to repay the advance payment of commissions she received in 2007, and should be required to pay Objectants' attorneys fees.

After the completion of discovery, the instant motions for partial summary judgment followed.

Discussion

With regard to Objectants' motion for partial summary judgment, it is well settled that the movant must make a prima facie showing of entitlement to judgment as a matter of law and must tender evidence in admissible form to show the absence of any disputed material fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If the proponent makes such a showing, the burden then shifts to the party opposing summary judgment, who must submit evidence demonstrating the existence of genuine issue of material fact or must provide an acceptable excuse for the failure to do so (*see Zuckerman v City of NY*, 49 NY2d 557, 560 [1980]).

First, with respect to Objectants' claim that the Executor managed the administration of the estate negligently and imprudently by failing to sell the real estate properties owned by the Corporations before the fifth anniversary of Decedent's death, the court concluded that Objectants made out a prima facie case of entitlement to judgment as a matter of law by showing

4

that during the five years following Decedent's death, the Corporations that owned the real estate properties were operating at a significant loss and that the fair market value of the properties kept declining during those five years. The court noted that, in opposition, the Executor did not deny these facts, but found that she nevertheless raised an issue of fact by pointing to the provision under Article XIII(G) of the will that authorizes her to hold on to the properties for "any period of time whatsoever." She provided her own sworn statements, in affidavit and deposition testimony, in which she explained that the nature of the properties themselves and the 2008 recession resulted in the depressed value of the properties, and that, in fact, by holding on to three of the properties located in Beacon, New York, their value increased substantially when she finally sold them in 2019.

As to Objectants' claim that the Executor was imprudent in failing to solicit "more and deeper advice" before electing to defer tax payments under Section 6166 of the IRC when she knew that such election would expose the estate to significant debt, the court concluded that Objectants did not make out a prima facie case of entitlement to judgment as a matter of law because their argument implied that there is a level of advice that is required as a matter of law to make this type of estate administration decision and no such law – either decisional or statutory – was presented to the court. Additionally, Objectants acknowledged that the Executor consulted with the estate's accountant regarding the election and failed to establish that it was unreasonable as a matter of law for the Executor to rely on the advice of this professional.

Objectants also asked the court to determine summarily their claim that the Executor "grossly overpaid herself" to manage the real properties owned by the Corporations that were, in turn, owned by the estate and for managing the Corporations themselves. As to this claim, the court also determined that Objectants failed to make out a prima facie case of entitlement to judgment as a matter of law. In support of the motion, their expert opined that 3% of the

5

properties' gross rent rolls was the appropriate compensation and that the amount that Objectants claim the Executor paid herself (17.5% of the rents collected) was excessive. Objectants' expert, however, a real estate appraiser, did not explain how he arrived at that conclusion or how his experience and/or knowledge qualify him to give such opinion.

Even if Objectants had made out a prima facie case with respect to this claim, in opposition, the Executor pointed to the provision under Article XIII(G) of the will that allows her, as Executor, to retain herself to provide services to the estate in other capacities, and to the affidavit of her expert, a real estate management agent who explained that, in Beacon, New York, where four of the 13 properties are located, a management services fee of 10% of rent rolls is the going rate, and that such rate does not include other services that were performed by the Executor, such as acting as a general contractor or bookkeeper. Additionally, the Executor explained in her affidavit in opposition to the motion that she was performing some of these functions with respect to the real estate properties prior to Decedent's death, and the record established that the fees that the Corporations were paying for those services were similar to the ones the Executor was paying herself or her companies after she assumed her fiduciary role. The court found this evidence sufficient to raise a material issue of fact concerning whether the compensation that the Executor received from the estate was fair and reasonable or whether it was excessive.

As to the Objectants' claim that the Executor improperly paid herself broker's commissions for selling real properties owned by the Corporations and for securing tenants for the properties, the court concluded that, even if Objectants had established a prima facie case of entitlement to judgment as a matter of law (*see Matter of Lundberg*, 197 NYS2d 871, 872 [Sur Ct, Westchester County 1960][finding that the relationship of a fiduciary-real estate broker is one of divided loyalty and self-dealing (internal citations omitted)]; *see also Matter of Roese*, 237

6

NYS2d 367, 368 [Sur Ct, Westchester County 1962][finding that payment of brokerage commission to executor-real estate broker was improper as a violation of an executor's duty of undivided loyalty]), the Executor raised a material issue of fact by showing, through her sworn statements, that prior to Decedent's death, she or her companies had been performing brokerage services for the Corporations' properties and were being compensated for those services and that Article XIII(G) of the will allowed her to hire herself or her companies to do work for the estate. In addition, pursuant to *Matter of Schinasi*, 277 NY 252, 266 (1938), the Executor may establish at trial that her brokerage services were "specialized" and did not form part of her management of the properties.

Objectants also asked the court for a summary determination that the Executor breached her fiduciary duty by failing to collect from five estate beneficiaries a portion of the taxes that were attributable to their bequests (EPTL 2-1.8). With respect to this claim, the court determined that Objectants failed to demonstrate their entitlement to judgment as a matter of law. Specifically, the court found that Objectants' submissions in support of this claim failed to demonstrate the exact amount of taxes attributable to each of the bequests after excluding the taxes attributable to non-probate assets, which are, by definition, not included in the Executor's account. Furthermore, even if Objectants had established a prima facie case, in opposition, the Executor raised material issues of fact by showing that she did, in fact, withhold a substantial amount for taxes when she paid out the monetary bequests to these five beneficiaries. Additionally, as to certain assets received by two of those beneficiaries (Marilyn Golub and Eugenia Marino), the Executor offered evidence that Objectants had agreed in writing that taxes attributable to these specific assets would not be collected from them and, in fact, signed releases relieving the Executor from liability for not collecting these taxes.

7

As for Objectants' argument that they are entitled to summary judgment on their claim that the Executor failed to avail the Estate of the Built-In Gains deduction on the Estate's federal and state tax returns, the court concluded that the record reflected that the Executor claimed such deduction or discount in the amended federal estate tax return and that the IRS disallowed it. In any event, Objectants' proof in support of the motion did not establish their prima facie entitlement to judgment as a matter of law because Objectants' evidence in support of their position that the estate was entitled to take this deduction consisted of the opinions of their counsel, who do not claim to be experts on taxation and offered only speculation as to whether the deduction would have been allowed by the IRS, which is "insufficient to defeat summary judgment" (*Stonehill Capital Management, LLC v Bank of the W.*, 28 NY3d 439, 448 [2016] [internal citations omitted]).

Objectants' request that the court surcharge the Executor in the amount of a) all commissions to which she would be entitled (including a direction that she return the commissions that were advanced to her), and b) the attorneys fees incurred by Objectants for raising the issues that are the subject of their motion was not expressly addressed in the papers in support of their motion for partial summary judgment and thus the court found that they failed to make a prima facie case with regard to such a surcharge. In any event, because of the denial of the motion for partial summary judgment in favor of a trial, the court has made no determinations that could support the imposition at this time of the surcharges that Objectants seek. Accordingly, Objectants' claims relating to commissions, Objectant's legal fees and/or any surcharges requested by them will be addressed upon determination of the objections after the trial on the accountings.

Based on the forgoing, Objectants' motion for partial summary judgment was denied in its entirety.

8

As to Objectants' motion for a preliminary injunction, the parties agreed on the record in open court that the Executor would refrain from making any distributions to the residuary beneficiaries unless all the beneficiaries agreed or until further order of the court, and, upon their agreement, the court granted the motion to such extent.

This decision, together with the transcript of the June 25, 2024 proceedings, constitutes the order of the court.

The attorneys for Petitioner and Objectants will be contacted by the court attorney-referee to whom this matter has been assigned regarding a conference to discuss a schedule for any further discovery and/or trial readiness.

The Clerk of the Court is directed to email this decision to the attorneys whose names and email addresses appear below.

Dated:    February 19, 2025

_____
S U R R O G A T E

To:    Gina M. Ciorciari, Esq. – GCiorciari@gss-law.com
Amy F. Altman, Esq. – aaltman@gss-law.com
Lee A. Snow, Esq. – lsnow@ksslaw.net
Andrew Ross, Esq. – andrewrossesq5@gmail.com
Kurt E. Johnson, Esq. – kj@kejesq.com

9